**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KRISTINE LEDFORD aka** | ) | **CASE NO. 1:15 CV 1053** |
| **ANNETTE WILSON** | ) | |
| | ) | **Judge Dan Aaron Polster** |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **CRAIG NEWMARK**, *et al.*, | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Kristine Ledford aka Annette Wilson filed this action against Craigslist founder Craig Newmark, Craigslist Chief Executive Officer James Buckmaster, and Craigslist.org.  In the Complaint (Doc. # 1-1), Plaintiff asserts someone at Craigslist.org reported to Oregon police that Plaintiff was promoting prostitution, resulting in her arrest.  She claims she was slandered in a news report and seeks monetary damages.

## I.  BACKGROUND

Plaintiff alleges that in 2010, she operated a massage business out of her home and in various hotels in the State of Oregon.  She states she used the Craigslist.org website to post advertisements related to her massage business.  On June 30, 2010, Plaintiff and twelve of her clients were arrested and charged with engaging in prostitution.  Plaintiff contends she did not exchange in sexual activity for money and was not guilty of prostitution.  She alleges the Defendants contacted local law enforcement to report a false prostitution sting "in hopes of

getting in local law enforcement['s] good graces due to the repeated reports of destructive actions caused by Craigslist.org and there [sic] allowing prostitution on their website (craigslist.org)."  (Doc. #1-1 at 2).  She contends she was slandered online in Medofrd, Oregon and Central Point, Oregon by a local newspaper, the Medford City Buzz, posted under examiner.com.  She seeks $ 2,500,000.00 from the Defendants.

The Defendants filed a Motion to Dismiss under Federal Civil Procedure Rules 12(b)(2) and 12(b)(6).  (Doc. # 7).  In the Motion, they assert this Court lacks personal jurisdiction over the Defendants.  They state that Newmark and Buckmaster are residents of California.  Craigslist is a Delaware corporation, with its principal place of business in California.  Moreover, all of the incidents giving rise to the Complaint took place in Oregon.  Defendants assert they have no connection to the State of Ohio and did not establish minimum contacts with the State of Ohio to give this Court personal jurisdiction over them.  In addition, Defendants assert Plaintiff failed to state a claim upon which relief could be granted.  They indicate that the claims against them are time-barred by the statute of limitations.  They allege the incidents of which Plaintiff complains occurred in 2010.  They contend the statutes of limitations for a slander action in Ohio, Oregon, and California are all one year, and the claims asserted in the Complaint are untimely.  Finally, they allege the Plaintiff did not allege sufficient facts to support her contention that the Defendants named in the Complaint were responsible for either notifying law enforcement or publishing the fact of her arrest in the local newspaper.

Plaintiff filed a Motion for Extension of Time (Doc. # 8) indicating she needed additional time to obtain counsel, and to have counsel review the case to respond to the Defendants' Motion to Dismiss.  The Court extended her deadline to file her response to July

27, 2015.  On July 27, 2015, Plaintiff filed another Motion to Continue the deadline so that she could respond to the Motion to Dismiss, apparently without counsel.  She contends she needs "more time to take over all jurisdiction within all 4 states affiliated with this case." (Doc. # 8 at 52).  She indicates she is "putting forth a request to obtain all property pertaining to this case, and also again within all 4 states." (Doc. #8 at 52).  She also submitted a Letter of Request for Jurisdiction (Doc. #11) in which she asks the court "for jurisdiction for California, Ohio, Oregon, Washington and New York (All States) due to the parties reside in one of these states and are alluding the courts and all claims brought against them." (Doc. #11 at 53).

For the reasons set forth below, the Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. # 7) is **GRANTED**.  Plaintiff cannot cure the fatal defect in her pleading caused by lack of personal jurisdiction over the Defendants and improper venue, and therefore extending the time for her to attempt to "take over all jurisdiction" would not be beneficial to any of the parties.  Plaintiff's Motion for Continuance (Doc. # 8) and her Request for Jurisdiction (Doc. #11) are **DENIED.**

## II.  STANDARD OF REVIEW

On a Motion to Dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), the Plaintiff has the burden of proving the court's jurisdiction over the Defendant.  *See Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002); *see also Children's Legal Services, PLLC v. Shor Levin and Derita*, *PC*, 850 F.Supp.2d 673, 679 (E.D. Mich. 2012).  In ruling upon a Motion to Dismiss for lack of personal jurisdiction, the district court has three procedural alternatives: "[it] may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the

merits of the motion." *Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989).

"[I]n the face of a properly supported Motion for Dismissal, the Plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Children's Legal Servs*., 850 F. Supp.2d at 679 (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). An evidentiary hearing may be conducted "if the district court concludes that the written submissions have raised issues of credibility or disputed issues of fact which require resolution," in which case the plaintiff would be required to "show by *a preponderance of the evidence that jurisdiction exists." American* Greetings Corp. v. Cohn, 839 F.2d 1164, 1169 (6th Cir. 1988).

However, where the district court finds no need for an evidentiary hearing, "the burden of the Plaintiff is relatively slight, and the Plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal." *Children's Legal Servs*., 850 F. Supp.2d at 679 (quoting *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc*., 503 F.3d 544, 549 (6th Cir.2007) (internal quotations and citations omitted)); *see also Nationwide Mutual Insurance Co. v. Tryg Int'l Insurance Co.*, 91 F.3d 790, 792–93 (6th Cir. 1996) (quoting with approval *Conti v. Pneumatic Prods. Corp*., 977 F.2d 978, 987 (6th Cir. 1992) (Boggs, J., dissenting) ("[A] showing by a preponderance of the evidence is not necessary unless the trial court conducts an evidentiary hearing.")); *Neogen Corp*., 282 F.3d at 887.

Likewise, where a "district court rules on a jurisdictional motion to dismiss made pursuant to Rule 12(b)(2) without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the Plaintiff," and in order to "'to

-4-

prevent non-resident Defendants from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts,'" the court "'does not weigh the controverting assertions of the party seeking dismissal.'" *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262–63 (6th Cir. 1996) (emphasis in original) (quoting *Theunissen*, 935 F.2d at 1459). Dismissal without a hearing is proper only if all the specific facts which the Plaintiff alleges collectively fail to state a *prima facie* case for jurisdiction  *Id.*

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint.  *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993).  The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and recently in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) clarified the law regarding what the Plaintiff must plead in order to survive a Motion to Dismiss under Rule 12(b)(6).

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555.  The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.*  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 556 U.S. at 677-678 , further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*.  This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

The Sixth Circuit has held that a Court may consider allegations contained in the Complaint, as well as exhibits attached to or otherwise incorporated in the Complaint, all without converting a Motion to Dismiss to a Motion for Summary Judgment.  FED. R. CIV. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

### III.  ANALYSIS

Defendants first assert this Court lacks personal jurisdiction over them.  In a diversity case, Plaintiff must satisfy Ohio's long-arm statute for personal jurisdiction as well as the minimum requirements of due process under the Fourteenth Amendment.  *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 361 (6th Cir. 2008).  Because Ohio's long-arm statute is not coterminous with federal constitutional limits, this Court must begin by analyzing whether the requirements of Ohio's long-arm statute are met and then separately consider whether the exercise of jurisdiction would comport with due process.  *Id.*

Ohio's long-arm statute establishes a statutory basis for jurisdiction over foreign Defendants.  It states:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from

the person's:

(1) Transacting any business in this state;

(2) contracting to supply services or goods in this state;

(3) Causing tortious injury by an act or omission in this state, including, but not limited to, actions arising out of the ownership, operation, or use of a motor vehicle or aircraft in this state;

(4) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when the person to be served might reasonably have expected the person who was injured to use, consume, or be affected by the goods in this state, provided that the person to be served also regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6) causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

(7) Contracting to insure any person, property, or risk located within this state at the time of contracting;

(8) Living in the marital relationship within this state notwithstanding subsequent departure from this state, as to all obligations arising for spousal support, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in this state;

(9) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when the person to be served might reasonably have expected that some person would be injured by the act in this state;

-7-

> (10) Causing tortious injury to any person by a criminal act, any
> element of which takes place in this state, that the person to be
> served commits or in the commission of which the person to be
> served is guilty of complicity.

Ohio Rev.Code Ann. § 2307.382(A).  None of these ten subsections apply.  They all require an act committed within this state or an injury incurred by someone in this state at the time the act was committed.  The Defendants are California and Delaware residents.  Plaintiff was in Oregon when the acts in question were committed, but later moved to Ohio.  There is no provision under the Ohio Long Arm Statute for personal jurisdiction over a Defendant simply because the Plaintiff relocated here after the fact.

In addition, exercising personal jurisdiction over the Defendants would be a denial of due process.  Due process requires that a Defendant have "minimum contacts ... with the forum State ... such that he should reasonably anticipate being haled into court there."  *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 297 (1980).  The presence of such contacts ensures that the exercise of jurisdiction over the Defendant "does not offend 'traditional notions of fair play and substantial justice.' "  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).  "As a general rule, the sovereign's exercise of power requires some act by which the Defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws....' "  *J. McIntyre Machinery, Ltd. v. Nicastro*, –––U.S. –––, 131 S.Ct. 2780, 2787 (2011) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

There are two forms of personal jurisdiction: general and specific.  *Indah v. U.S. S.E.C.*, 661 F.3d 914, 920 (6th Cir. 2011).  General jurisdiction is found where contacts "are so continuous and systematic as to render [a foreign defendant] essentially at home in the forum

-8-

State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, ⸺ U.S. ⸺, 131 S.Ct. 2846, 2851 (2011) (internal quotation marks omitted).  Specific jurisdiction, on the other hand, depends on an affiliation between the forum and the underlying controversy, activity or an occurrence that took place in the forum state and is therefore subject to the state's regulation. *Id.*  In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.  *Id.*

Specific jurisdiction does not exist in this case.  There is no affiliation between the State of Ohio and the alleged report to Oregon law enforcement authorities by California residents and a California and Delaware corporation about prostitution being conducted by an Oregon resident in Oregon.  If due process will permit this Court to exercise personal jurisdiction over the Defendants, Plaintiff must establish general jurisdiction over the Defendants.  There are no facts in the Complaint which reasonably suggest this Court has general jurisdiction over the two individual Defendants.  There is no indication that they have ever been in Ohio or been in contact with anyone in Ohio.  The only connection between Craigslist.org and Ohio is the maintenance of a website that permits individuals to buy, sell, and advertise over the internet.  Maintaining a website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction.  *Bird v. Parsons,* 289 F.3d 865, 873-77 (6th Cir. 2002)(citing *Cybersell, Inc. v. Cybersell, Inc.,* 130 F.3d 414, 419–20 (9th Cir.1997)).  Construing the facts in the light most favorable to the Plaintiff, there is no suggestion that this Court has general jurisdiction over the Defendants.  The Defendants' Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2) is **GRANTED.**

In addition, even if this Court could exercise personal jurisdiction over these Defendants, venue would be improper.  Pursuant to 28 U.S.C. § 1391, a civil action may be brought in: (1) any judicial district in which any Defendant resides, if all Defendants are residents of the State in which the District is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no judicial district in which the action may otherwise be brought, any judicial district in which any Defendant is subject to the Court's personal jurisdiction with respect to such action.  The Defendants are all residents of the State of California.  The incident giving rise to this Complaint took place in Oregon.  This case has no connection to the Northern District of Ohio.  The current residence of the Plaintiff is not a factor in deciding the proper venue for a case.

When venue is not proper, 28 U.S.C. § 1406(a) dictates that the action shall be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought.  There would no point in transferring this action, as the statute of limitations period for slander claims in California and Oregon have expired.  Both of these states have one year statute of limitations periods for slander claims.  *See* Oregon Revised Statutes § 12.120(2); *Holdner v. Oregon Trout, Inc*., 22 P.3d 244, 248, 173 Or. App. 344, 351 (Or. App.,2001); California Code of Civil Procedure § 340(c); *PAI Corp. v. Integrated Science Solutions, Inc.*, 2007 WL 1229329, at *5 (N.D. Cal. 2007).  Plaintiff's arrest occurred in 2010.  The Medford City Buzz published the news story in 2010.  Plaintiff filed this action in 2015, four years after the statutes of limitation expired.  It would not be in the interest of justice to transfer this matter, and this action is therefore dismissed.

-10-

Finally, causes of action for slander under Ohio law, Oregon law and California law require as a necessary element that the Defendants publish a statement that is false, unprivileged, and have a natural tendency to injure or which causes special damage.  *See Jackson v. City of Columbus,* 194 F.3d 737, 757 (6th Cir. 1999)(Ohio); *Neumann v. Liles*, 261 Or.App. 567, 575, 323 P.3d 521 (2014)(Oregon); *Scott v. Solano Cnty. Health and Soc. Servs. Dept*., 459 F.Supp.2d 959, 973 (E.D. Cal. 2006)(California).  In this case, Plaintiff alleges that someone at craigslist.org noticed her advertisement and notified police causing her to be arrested.  She claims the information concerning her arrest was then published by on an internet news source, the Medford City Buzz.  There is no indication in the Complaint that any of the named Defendants was involved in the publication of the information.

Moreover, the statement published read as follows:

> On June 30, the Ashland Police Department charged Annette Marie Wilson, 35 with prostitution as the result of a month long investigation.  Wilson (aka Kristine Marie Ledford-Besk) advertised on Craigslist and met males at several different Ashland motels, at her residence and at private residences throughout Ashland.

Doc. # 1-1 at 2).  Another element of a slander cause of action is that the published information be false.  As stated in the Medford City Buzz, the information was not false.  Plaintiff was arrested on June 30 and charged with prostitution.  That information is true.  The news source did not say that she was guilty of the offense, only that she was charged with it.  The statement indicates Plaintiff met clients at motels, her residence and other locations.  That information also appears to be true.  Plaintiff admits that she met clients at these locations.  She denies that she engaged in sexual activity for money at those locations, but the news statement does not accuse her of that activity.  Therefore, even if Plaintiff could overcome the fatal flaws in her

-11-

pleading of lack of personal jurisdiction over the Defendants, improper venue, and expired

statute of limitations, she failed to state a claim against the named Defendants for slander.

## IV.  CONCLUSION

Accordingly, the Defendants' Motion to Dismiss (Doc. # 7) is **GRANTED**, Plaintiff's

Motion for Continuance (Doc. # 8) and her Request for Jurisdiction (Doc. #11) are **DENIED**,

and this action is **DISMISSED**.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an

appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

> _/s/ Dan A. Polster     July 30, 2015_
> **Dan Aaron Polster**
> **United States District Judge**

---

[1]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken _in forma pauperis_ if the trial court certifies that it is not taken in good faith.

-12-